UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                        )
In re SUBPOENAS OF GRAPECITY, INC.,     )   No. C05-1281L
DEVINDER SINGH, AND SANJEEV             )
JAGTAP                                  )
                                        )   ORDER QUASHING SUBPOENA
[This action relates to XPAN, LLC v.    )
Computer Task Group, Inc., No. 5:03-CV-225, )
N.D. Ohio]                              )
_____)

The plaintiff in the underlying matter, XPAN, LLC, obtained a subpoena from the Western District of Washington, dated June 30, 2005, commanding third-party witness Devinder Singh to appear for deposition. Mr. Singh objects to the deposition on the grounds that (1) he was already deposed in the underlying matter and (2) the parties had agreed, prior to Mr. Singh's first deposition, that he would not be deposed again unless he agreed to serve as XPAN's expert witness, in which case he could be deposed regarding his expert opinions.

Pursuant to Fed. R. Civ. P. 30(a)(2)(B), a party must obtain leave of court in order to depose a witness for a second time. XPAN argues that leave to take a second deposition should be granted because it did not know, at the time the first deposition was taken, that Mr. Singh would decline to act as its expert at trial and that it would need to perpetuate his testimony through deposition. Under the balancing test of Fed. R. Civ. P. 26(b)(2), the Court should consider whether the second deposition would be unreasonably cumulative, duplicative, or burdensome, whether the party seeking the deposition "has had ample opportunity by discovery in the action to obtain the information sought," and whether the burden/expense of the second

ORDER QUASHING SUBPOENA

deposition outweighs its likely benefits.

Having reviewed the memoranda, declarations, and exhibits submitted by the parties,[1] the Court finds that XPAN had an opportunity to examine Mr. Singh during his first deposition and that requiring him to sit for a second deposition on August 2, 2005, (the day he leaves the country for his sister's wedding) would be unduly burdensome.  Given that Mr. Singh and his employer told XPAN prior to the initial deposition that Mr. Singh was not willing to provide expert testimony at trial, XPAN could have, and should have, anticipated that Mr. Singh would be unavailable for trial and negotiated a fair division of the initial deposition time.  XPAN's assumption that Mr. Singh would ultimately agree to provide expert testimony was unreasonable and does not justify forcing Mr. Singh to sit for another day of questioning regarding the facts of XPAN's case.  In addition, the parties had agreed that in exchange for Mr. Singh's willingness to sit for the first deposition, he would not have to provide any further factual testimony in the underlying matter:  if any additional testimony were required, it would be limited to his expert opinions, not the facts.  Whatever XPAN's expectations regarding Mr. Singh's willingness to appear as an expert, it is bound by its agreement that Mr. Singh would not have to testify as a fact witness after his initial deposition.

For all of the foregoing reasons, Devinder Singh's motion to quash is GRANTED and the subpoena served on Mr. Singh for an August 2, 2005, deposition is hereby QUASHED.

DATED this 28th day of July, 2005.

*MMT S Lasnik*
Robert S. Lasnik,
United States District Judge

---

[1] The Court has considered Devinder Singh's "Supplemental Brief in Support of Motion to Quash Subpoena." Dkt. # 15-17.

ORDER QUASHING SUBPOENA                -2-